# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

JORGE A. CASTRO,
REG. #42416-279                                                              PLAINTIFF

V.                                    2:13CV00068 JLH/JTR

MARK A. SHELDON, Lieutenant,
FCI-FC, et al.                                                              DEFENDANTS

## ORDER

Defendants have filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. *Doc. 24.* Because Defendants have attached supporting documents in their Motion, the Court will construe it as a Motion for Summary Judgment. *See Country Club Estates v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000) (providing that the party opposing the motion must be placed on notice that it is being construed as a request for summary judgment). Plaintiff must respond to the Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions in Defendants' Statement of Undisputed Facts (*Doc. 26*); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if he intends to rely on documents that have been previously filed in the record, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within thirty days of the entry of this Order**, a Response to Defendants' Motion for Summary Judgment and a separate Statement of

---

[2] If Plaintiff disputes any of the facts in Defendants' Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2.      Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 3rd day of February, 2014.


_____
UNITED STATES MAGISTRATE JUDGE